UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

          Plaintiff,

-against-

JORGE OUVINA,

          Defendant.
-------------------------------------------------x

MEMORANDUM AND ORDER
10 CR 970 (ILG)

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y
APR 09 2013 ★
BROOKLYN OFFICE

GLASSER, United States District Judge:

    Prior to filing his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, Ouvina filed motions to withdraw his previously entered plea of guilty; for an Order that would prematurely terminate a four year term of probation and an Order that would amend the judgment of conviction by deleting his obligation to make restitution that judgment imposes. In a Memorandum and Order (M&O) dated January 23, 2013, familiarity with which is assumed, his motion was denied, Docket No. 78. His motion pursuant to § 2255 was bottomed upon his allegations of ineffective assistance of Joel Walter, Esq., who was appointed pursuant to the Criminal Justice Act after three prior lawyers were relieved, and represented him when he pleaded guilty in accordance with a plea agreement, and at sentencing. As advised by <u>Sparman v. Edwards</u>, 154 F.3d 51 (2d Cir. 1998), Mr. Walter was invited to respond to the ineffective assistance claims by his live testimony, affidavits or brief, Docket No. 70. In the M&O previously referenced, I stated that I would defer deciding his ineffective assistance claim pending Mr. Walter's response to my invitation. That response has been received. Docket No. 82.

    Ouvina pleaded guilty pursuant to a plea agreement to embezzling money from an employee benefit fund. His allegations of ineffective assistance, contained in his

affidavit annexed to his petition, as near as it can be determined are that: (1) he told Mr. Walter he didn't embezzle any money; (2) he told him that the presentence report finding of the amount of restitution owed was wrong; (3) he instructed Mr. Walter to take all necessary steps to correct the inaccuracies; (4) Mr. Walter said he would pursue all available appellate remedies and didn't notwithstanding numerous inquiries Ouvina made as to the steps that were being taken to remedy them; (5) no direct appeal was taken from the judgment of conviction, although it is not clear that he requested that one be filed; (6) he informed Mr. Walter that restitution exceeding $10,000 would have adverse immigration consequences; and, finally, he avers that had he known that his objections to the presentence report would be ignored and not communicated to the Court, and that no post-judgment effort would be made to correct the erroneous restitution order, he would have proceeded to trial. He concludes by acknowledging that he read his affidavit "and if any statement therein is false I am subject to punishment."

## Discussion

It has become virtually predictable that notwithstanding having sworn to tell the truth in allocuting to a plea of guilty; of acknowledging what it means to waive a right to appeal and to petition pursuant to 28 U.S.C. § 2255; of acknowledging that "Mr. Walter had actually did an exceptional job explaining to me all the Guidelines and everything," he filed a petition pursuant to § 2255, alleges ineffective assistance of counsel and denies having committed the crime to which he pleaded guilty. The lack of concern with which the sworn oath to tell the truth is ignored and violated bespeaks an assurance that no punitive consequence will follow. The experience of this Court, and I suspect of most others, is that the assurance is warranted. The frequency with which the oath is

2

similarly violated without adverse consequence, also bespeaks an implicit acknowledgment by the government that it will be and by accepting it, encourages if not condones it.

The effusive compliment paid to Mr. Walter's "exceptional job explaining" everything to him compels the conclusion that his waiver of rights was knowing and voluntary and enforceable. See United States v. Riggi, 649 F.3d 143 (2d Cir. 2011), and this petition should be denied without more and will be. His claims of ineffectiveness predicated upon his view of the restitution issue is utterly without merit as was decided in a Memorandum and Order dated January 23rd, 2013, noted above. His assertion that Mr. Walter assured him that he would pursue all available remedies regarding his restitution claims, given his indifference to truth-telling, is questionable. In his affidavit, Mr. Walter avers that he advised Ouvina that he would not assist him with regard to his restitution claim, but would attempt to assist other counsel he might retain even though he knew a reduction was not possible. Walter affidavit, Par. 17. Ouvina did, in fact, retain other counsel to pursue his restitution claim which, as indicated, was meritless, if not frivolous. A question may be raised regarding the veracity of his claim of indigency supporting the appointment of two CJA lawyers, having retained his last one.

His ineffective assistance claim is groundless. A discussion of Strickland v. Washington, 466 U.S. 668 (1984), is a needless imposition upon the Court.

His petition is denied.

Dated: Brooklyn, New York
April 8, 2013

s/ILG

I. Leo Glasser

3